IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH RICHARDSON,<br><br>    Petitioner,<br><br>v.<br><br>JOHN MARSHALL,<br><br>    Respondent._____/ | No. C 10-05514 CRB<br><br>**ORDER GRANTING MOTION TO DISMISS HABEAS PETITION** |

    Keith Richardson, an inmate in the California prison system, has filed a Petition for Habeas Corpus challenging the constitutionality of his detention pursuant 28 U.S.C. § 2254. His Petition is based on claims that the Parole Board (the "Board") violated federal law in denying him parole at his seventh parole suitability hearing because (1) there was no evidence of current dangerousness and (2) the Board's decision ran afoul of the rules set forth in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and Cunningham v. California, 549 U.S. 270 (2007) (collectively "Apprendi/Blakely").

    The government has moved to dismiss the Petition on two grounds. First, that it is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Second, that, in light of recent Supreme Court authority, California inmates have no federal right to application of California's "some evidence" standard in parole determinations,

Swarthout v. Cooke, 2011 WL 197627 (Jan. 24. 2011), and California's indeterminate sentencing regime does not run afoul of Apprendi/Blakely.

Because the Court agrees with the government that the Petition is untimely and that, in any case, Petitioner has failed to show an entitlement to habeas relief, the Motion to Dismiss (dkt. 9) is GRANTED.  See generally Tangi v. Ochoa, No. EDCV 11-206 JFW (CW), 2011 WL 590296 (C.D. Cal. Feb. 7, 2011) (summarily dismissing petition filed by California prisoner challenging the Board's parole decision as insufficiently supported by evidence).

## I. BACKGROUND

In 1984 Petitioner received a sentence of 15 years to life for second degree murder, child abuse, and an enhancement for inflicting great bodily injury.  On July 23, 2008, he appeared before the Board.  At that time, he had been in prison for 25 years.  The Board found him unsuitable for parole and denied him parole for one year.

Petitioner filed a Writ of Habeas Corpus in California state court arguing that the Board's decision failed to satisfy the requirement that there be "some evidence" supporting a conclusion that he posed an unreasonable risk of danger to society.  See generally Hayward v. Marshall, 603 F.3d 546, 561 (9th Cir. 2010).  The state courts denied him relief, and he subsequently filed an action in this Court.

## II. LEGAL STANDARD

A district court may consider a petition for writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Cororan, 562 U.S. –, 131 S. Ct. 13, 16 (2010).

## III. DISCUSSION

### A.     The Petition Is Barred by AEDPA's Statute of Limitations

Respondent argues that the petition is subject to dismissal for failure to comply with AEDPA's one year time limit for filing federal habeas petitions.  The basis for this argument is that more than one year of untolled time elapsed between the date at which Petitioner

2

1 could have sought habeas relief following the Board's decision to deny him parole and the
2 date when he sought relief in this Court.[1]

3       The Board denied Petitioner parole on July 23, 2008, and that decision became final
4 on November 20, 2008.[2] Petitioner filed a petition in state court challenging the denial on
5 May 18, 2009. The time between when the Board's decision became final and when
6 Petitioner filed his initial petition in state court (179 days) is not tolled nor is the time
7 between when the California Supreme Court denied his petition and the filing of this action
8 (24 days). The timeliness of Petitioner's filing in this Court turns on whether the period
9 between the initial state court decision on July 13, 2009 and Petitioner's filing with the
10 intermediate appellate court on March 4, 2010 (a period of roughly eight months) is tolled.

11       Answering that question requires a consideration of whether, as matter of California
12 law, the filing with the intermediate appellate court was timely such that the state court
13 petition can be deemed to have been "pending" under AEDPA during the interval between
14 state proceedings. California does not have a set time limit in which a petitioner must file a
15 new petition in a higher court after a denial of the petition in a lower court. See Evans v.
16 Chavis, 546 U.S. 189, 198 (2006). Rather, the filing in the higher court must be made within
17 a "reasonable time" after the first court's ruling. Carey v. Saffold, 536 U.S. 214, 223 (2002);
18 Chavis, 546 U.S. at 201 (whether a petition was filed within a reasonable time is a question
19 of state law and federal courts' job is to "determine what the state courts would have held in
20 respect to timeliness").

---

[1] AEDPA tolls the limitations period for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2).

[2] Petitioner claims that the decision was not truly final for an additional 30 days during the gubernatorial review period. Because Petitioner is challenging the Board's decision (not the Governor's) the proper date from which AEDPA's time limitation began to run is when the Board's decision became final on November 20, 2008. See Sims v. Curry, No. C 09-2251 MHP (pr), 2010 WL 2944235, at *2 (N.D. Cal. July 23, 2010) ("[T]he limitations period commences when the [Board's] administrative review is complete and the possibility of gubernatorial review during the 30-day period thereafter does not delay the start of the limitations period under § 2244(d)(1)(D))" (citing Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003)).

3

1 Petitioner argues that his petition with the intermediate appellate court was timely
2 filed as matter of California law, notwithstanding the roughly eight month delay between
3 state court proceedings, by relying on In re Burdan, 169 Cal. App. 4th 18, 31 (2008). In that
4 case, California's appellate court held that "a delay of 10 months for an unrepresented prison
5 inmate to file a petition . . . in the Court of Appeal, after denial of a similar petition in the
6 superior court [is not] unreasonable." Id. Two factors seemed particularly important to the
7 Burdan court's decision: (1) petitions attacking parole decisions do not raise the same
8 concerns about timeliness as do attacks on the validity of criminal judgments because in the
9 former situation the legality of the conviction is already established, the evidence at issue
10 consists of a paper record largely unaffected by the passage of time, and the party prejudiced
11 by delay is the prisoner; and (2) the petitioner in Burdan mistakenly believed he was going to
12 be represented by counsel in the state court proceedings. Id.

13 Like Burden, this is a parole habeas case. Unlike Burden, however, Petitioner was
14 and is represented by counsel. Counsel has provided an explanation for why he failed to file
15 a petition in the intermediate appellate court until roughly eight months after the initial
16 petition was denied – he did not receive a copy of the first court's order when it was issued
17 and did not learn of it until his secretary called the court to inquire about the status of the
18 petition in February 2010 – so the issue is whether, as a matter of state law, that explanation
19 provides a legitimate excuse for the delay between petitions.

20 The explanation does not amount to a legitimate excuse for delay because the failure
21 even to inquire as to the status of the petition until February 2010 was unreasonable under
22 the circumstances. It was unreasonable under the circumstances because a California Rule
23 provides that "[t]he court must rule on a petition for writ of habeas corpus within 60 days
24 after the petition is filed." California Rule of Court 4.551(a)(3)(A) (emphasis added). In
25 light of the plain language of that rule, not checking the status of the petition until roughly
26 eight months after it was filed (and roughly six months after a decision should have been
27 rendered under Rule 4.551(a)(3)(A)) was unreasonable. Therefore, the petition in the
28 intermediate appellate court was not timely filed, and the delay between the filing of petitions

4

is not tolled under AEDPA. Chavis, 546 U.S. at 201. Accordingly, because more than one year of untolled time has passed between the Board's decision and Petitioner's filing in this Court, his Petition is barred by AEDPA's one-year statute of limitations. Id.

* * *

Even assuming *arguendo* that Petitioner's filing in this Court should be considered timely, dismissal is still appropriate for the reasons set forth below.

### B. Petitioner Received All the Process He was Due

California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause. Swarthout, 131 S. Ct. at 861-62 (describing Ninth Circuit's holding that California law creates a protected liberty interest in parole as "reasonable"). The Supreme Court has recently had occasion to opine on what procedures are necessary as matter of federal law for the protection of that interest and held that they include, and are limited to, an opportunity to be heard and the furnishment of reasons for the decision. Id. (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12 (1979). Here, it is undisputed that Petitioner received both an opportunity to be heard and a statement of reasons why parole was denied. As to the opportunity to be heard, Petitioner was represented by counsel at his parole hearing and describes it as including "extensive" conversations about the circumstances of his commitment offense and why, in his view, he would not be involved in another situation like the commitment offense. First Am. Mem. in Sup. of Pet. for Habeas Corpus (dkt. 8) at 10-11. Petitioner also was furnished with a statement of reasons for the decision to deny him parole. Indeed, he spends a great deal of effort explaining why, in his view, those reasons were insufficient to support the decision.

Petitioner argues that, appearances to the contrary, Swarthout left open the question whether the due process clause mandates, in addition to an opportunity to be heard and the furnishment of a statement of reasons, the presence of "some evidence" to support the parole denial decision. Opp'n to Mot. to Dismiss (dkt. 11) at 10-11. The basis for his argument is that, in Swarthout, the Supreme Court held that the Ninth Circuit was wrong to assume that

(1) "habeas relief is available for an error of state law" and (2) the "correct application of the State's 'some evidence' standard is required by the federal Due Process Clause." 131 S. Ct. at 861 (emphasis added). Thus, in Petitioner's view, Swarthout did not hold that federal law has no independent requirement for the existence of "some evidence" to support the decision to deny him parole.

Petitioner's argument is unpersuasive. The Swarthout Court expressly commented on federal due process requirements in the parole context and left them at "an opportunity to be heard" and "a statement of reasons why parole was denied." Id. at 862 (citing Greenholtz, 442 U.S. at 19). Petitioner asserts that Superintendent v. Hill, which concerned revocation of prisoner good-time credits, supports his position that there is an independent, federal requirement for "some evidence" to support a parole denial. 472 U.S. 445 (1985). But Swarthout discussed Hill and never said or intimated that its logic applies to parole and in fact did exactly the opposite. 131 S. Ct. at 862 n.1 (seemingly rejecting argument that the greater protections afforded to the revocation of good-time credits should apply in the parole context).

To the extent there is any doubt as to whether due process requires the existence of "some evidence" in support of a parole decision, such doubt should be removed by the Court's conclusion in Swarthout that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with the California courts, and is no part of the Ninth Circuit's business." 131 S. Ct. at 863; see also Kunkler v. Muntz, No. 06-55555, 2011 WL 830647, at *1 (9th Cir. Mar. 9, 2011) ("[F]ederal habeas review of California parole decisions is limited to procedural due process, namely whether the state parole applicant had an opportunity to be heard and received a statement of the reasons underlying the denial of parole.").

Accordingly, this Court finds no basis for Petitioner's argument that he was denied due process in connection with the Board's denial of parole.

//

//

6

### C. Petitioner is Not Entitled to Habeas Relief on the Basis of Apprendi/Blakely

Petitioner also argues that the Board's decision to deny him parole violates the principles set forth in Apprendi/Blakely. He asserts that, even though he was sentenced to an indeterminate period up to life in prison, the relevant maximum for Apprendi/Blakley purposes is the proportional term set by California's matrix in Title 15 § 2403 of the California Code. This argument has been repeatedly rejected. See, e.g., Brown v. Ayers, No. C 06-6961 JSW (PR), 2010 WL 546472, at *7-*8 (N.D. Cal. Feb. 10, 2010) ("Because under California law Petitioner does not have a legal right to a lesser sentence when particular facts are found . . . the Apprendi/Blakely rule is inapplicable and this claim is without merit.") (citation omitted). Accordingly, Petitioner has not and cannot show an entitlement to habeas relief on the basis of Apprendi/Blakely.

## IV. CONCLUSION

Respondent's Motion to Dismiss is GRANTED because, even assuming this Petition is timely filed, it fails to set forth a basis for habeas relief.[3] Nor is it sensible to allow an amended petition to be filed because it does not appear that a tenable claim for relief can be pleaded. See Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). Accordingly, the Petition is DISMISSED with prejudice.

**IT IS SO ORDERED.**

Dated: March 15, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[3] The Court declines to issue a certificate of appealability because the applicant has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He has not demonstrated that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong. See Slack v. McDaniel, 529 U.S. 473 (2000).